ERICKSON, District Judge,
concurring.
I concur specially not because I have any great reluctance to join the majority opinion. There is nothing in the Court’s opinion that is inconsistent with the facts of the case, the positive law or this court’s precedent. Instead I concur to comment on the exercise of discretion by the Department of Justice in this matter. It is beyond question that the Attorney General and the United States Attorneys “retain ‘broad discretion’ to enforce the Nation’s criminal laws.” United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). They have no less discretion in deciding when to enforce the nation’s civil forfeiture laws.
In exercising this discretion prosecutors should act in a manner that comports with justice. This includes an obligation to quickly and diligently investigate the facts underlying the case. The tortuous history of this case reflects an unwise exercise of discretion. early on in the proceedings. It should have been apparent to the government and its agents that if Hinders had simply made daily cash deposits, no forfeiture question would have been raised. While Hinders made comments about the structuring of her deposits to stay under “the $10,000 rule,” it should have been equally apparent to the government that the violation was at most a technical violation—and one that arose out of Hinders’s lack of understanding the problems created by failing to make daily deposits. The failure of the government to exercise its discretion early in the proceedings in a manner that minimized expense and litigation was, in my opinion, improvident to such a degree that failure to note it is unconscionable. In the future the government would be wise to exercise greater common sense in exercising its discretion.